■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT DEVORCE, Appellant. [742 NYS2d 63] —Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered September 15, 1998, convicting him of criminal possession of a weapon in the second degree, assault in the first degree, robbery in the first degree (twelve counts), and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's challenges to prospective jurors for cause were properly denied by the trial court because the jurors gave unequivocal assurances that they could set aside any bias and render an impartial verdict based upon the evidence (see *People v Johnson,* 94 NY2d 600).

The defendant failed to make a prima facie showing that the People's peremptory strikes were racially motivated pursuant to *Batson v Kentucky* (476 US 79). Although he alleged that the People had established a pattern of striking black jurors, he failed to cite any other facts or circumstances to support his claim of racial bias (see *People v Bolling,* 79 NY2d 317, 324; *People v Cousin,* 272 AD2d 477; *People v Kourani,* 256 AD2d 620; *People v Williams,* 253 AD2d 901; *People v Morla,* 245 AD2d 468).

The stop of a vehicle in which the defendant was a passenger was based upon reasonable suspicion. The vehicle generally matched a description of a vehicle spotted close to the scene moments after the incident, there were few other vehicles on the road at that time of night, and it was spotted in close geographical and temporal proximity to the scene of the incident (see *People v Hicks,* 68 NY2d 234; *People v Flanagan,* 224 AD2d 633; *People v Bianchi,* 208 AD2d 551, *affd* 85 NY2d 1022).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Smith, J.P., Krausman, Schmidt and Cozier, JJ., concur.